UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEANN L. LESZYNSKI,

          Petitioner,

    v.                                      Case No. 16-cv-1608-pp

DEANNE SCHAUB,

          Respondent.

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL, GRANTING PETITIONER'S REQUEST TO PROCEED ON HER FOURTH AND EIGHTH AMENDMENT CLAIMS (DKT. NO. 8), LIFTING STAY, REQUIRING RESPONDENT TO FILE AN ANSWER OR OTHERWISE RESPOND, AND SETTING BRIEFING SCHEDULE**

## I.    Introduction

On December 5, 2016, the petitioner, representing herself, filed a *habeas* petition challenging her 2015 conviction on one count of child neglect leading to death in violation of Wis. Stat. §848.21. In screening the petition, the court determined that the petitioner had exhausted her remedies on two of her claims, but had failed to exhaust her remedies on her claims of insufficiency of the evidence and ineffective assistance of counsel. Dkt. No. 5 at 4. The court presented the petitioner with three options: (1) dismiss the federal *habeas* case; (2) withdraw her unexhausted claims and proceed with only her excessive sentence and <u>Miranda</u> claims, or (3) request that the court stay the federal case so that she could attempt to exhaust the unexhausted claims in state court. <u>Id.</u>

at 7. At the same time, the court denied without prejudice the petitioner's motion for appointment of counsel. Id. at 8-9.

On February 27, 2017, the petitioner asked the court to stay the federal proceedings. Dkt. No. 6. Three months later, the petitioner filed a letter, stating that she had been unable to exhaust the remaining claims because she ran out of funds and/or did not have the time. Dkt. No. 8. She asked the court to let her withdraw the unexhausted claims and proceed with her excessive sentence and Miranda claims. Id. In addition, she included three letters from attorneys who had declined to represent her, and asked the court to appoint counsel. Id. On September 20, 2017, the petitioner filed a second request (not docketed as a motion) asking the court to reconsider her motion for appointment of counsel. Dkt. No. 9.

**II.    Petitioner's Motion to Appoint Counsel and Request to Proceed on Exhausted Claims (Dkt. No. 8)**

In her renewed request for appointment of counsel, the petitioner reported that she'd asked three law firms to represent her, without success, and asks whether, now that she has fulfilled the requirement to try to hire counsel on her own, the court will appoint counsel for her. As the court explained in the order denying the plaintiff's first motion for appointment of counsel, the court cannot appoint an attorney for everyone who asks. Dkt. No. 5 at 7. That is why the court requires a petitioner to explain why the case is so difficult or complex that she cannot present it herself. Id. Although she now has fulfilled the requirement of trying to hire counsel on her own, the petitioner has not fulfilled the requirement of explaining why she believes the case is so

complicated that she cannot present it herself. The evidence in the record to date indicates that the petitioner is able to represent herself adequately at this point. She appropriately identified four issues in her *habeas* petition, two of which were briefed and argued in the Wisconsin courts with the assistance of counsel. The petitioner's pleadings so far have been clear and the court has been able to understand them. And at this stage, the next step is for the respondent to file some kind of answer; the petitioner does not have anything further to do at the moment. The court will deny the petitioner's second motion to appoint counsel without prejudice; the petitioner may renew the request if the case becomes so complex that she cannot present her arguments herself.

The petitioner also asked the court to allow her to withdraw her unexhausted claims and to proceed with her excessive sentence and <u>Miranda</u> claims. When the court initially screened the complaint, it noted that those claims generally were cognizable on federal *habeas* review because they involved constitutional or statutory challenges to the petitioner's conviction and sentence. Dkt. No. 5 at 2. The petitioner's excessive sentence claim implicates the Eighth Amendment. <u>See</u> <u>Solem v. Helm</u>, 463 U.S. 277 (1983). Her <u>Miranda</u> claim, which formed the basis of her motion to suppress, implicates the Fourth Amendment. Although a federal *habeas* court is barred from reviewing Fourth Amendment claims that were fully and fairly litigated in the state courts, <u>En-Yisrayl v. Buss</u>, 540 F.3d 542, 552 (7th Cir. 2008), the court cannot tell, at this early stage, whether the petitioner had such a full and fair opportunity to litigate the Fourth Amendment claim. At this point, the court will lift the stay,

and will allow the petitioner to proceed on her Fourth and Eighth Amendment claims. The court also will set a briefing schedule to move the case forward.

**III.    Conclusion**

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion to appoint counsel, **GRANTS** the petitioner's request to dismiss her unexhausted claims and proceed on the excessive sentence and <u>Miranda</u> claims, and **LIFTS** the stay. Dkt. No. 8.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1)    the petitioner has **forty-five (45)** days after the respondent files his answer to file her brief in support of her petition;

(2)    the respondent has **forty-five (45)** days after the petitioner files her initial brief to file the respondent's brief in opposition; and

(3)    the petitioner has **thirty (30)** days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion (such as a motion to dismiss), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45)** days of the date the respondent files the motion. If the respondent chooses to file a reply brief, he

must do so within **thirty (30)** days of the date the petitioner files the opposition brief.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition, and any dispositive motions, shall not exceed **thirty (30)** pages, and reply briefs shall not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Under the Memorandum of Understanding between the Attorney General and this court, the court will send a copy of the petition and this order to the Attorney General for the State of Wisconsin and to the Warden of the Taycheedah Correctional Institution.

Dated in Milwaukee, Wisconsin this 18th day of December, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**